IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CUSTOM MEDIA TECHNOLOGIES LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 13-1420-LPS |
| CHARTER COMMUNICATIONS, INC., | ) ) ) | |
| Defendant. | ) ) | |
| CUSTOM MEDIA TECHNOLOGIES LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 13-1425-LPS |
| TIME WARNER CABLE INC., | ) ) ) | |
| Defendant. | ) ) | |
| CUSTOM MEDIA TECHNOLOGIES LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 13-1426-LPS |
| VERIZON COMMUNICATIONS INC., | ) ) ) | |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

Presently pending before the Court in these three cases are motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants Charter Communications, Inc. ("Charter") (Civil Action No. 13-1420-LPS, D.I. 10), Time Warner Cable Inc. ("Time Warner") (Civil Action No. 13-1425-LPS, D.I. 7), and Verizon Communications Inc.

("Verizon") (Civil Action No. 13-1426-LPS, D.I. 7). The motions each seek dismissal of Plaintiff Custom Media Technologies LLC's ("Plaintiff" or "Custom Media") respective claims of direct patent infringement. For the reasons that follow, the Court recommends that Defendants' motions[1] each be DENIED.

## I. BACKGROUND

In late 2013, Plaintiff filed eight cases in this Court, including the instant three, asserting infringement of United States Patent No. 6,269,275 ("the '275 patent"), entitled "Method and System for Customizing and Distributing Presentations for User Sites[.]" (D.I. 6, ex. A) In the three cases at issue here, Plaintiff has filed a First Amended Complaint ("FAC") containing a single claim of direct infringement against each of the three Defendants. (D.I. 6; *see also* Civil Action No. 13-1420-LPS, D.I. 7; Civil Action No. 13-1425-LPS, D.I. 6) In all three cases, in lieu of filing an Answer, Defendants filed their respective motions to dismiss. On February 4, 2014, Judge Leonard P. Stark referred each of the instant motions to the Court for resolution. (D.I. 14; *see also* Civil Action No. 13-1420-LPS, D.I. 15; Civil Action No. 13-1425-LPS, D.I. 10)

## II. LEGAL STANDARD

To properly plead a claim of direct infringement, a complaint must at least comply with Form 18 of the Federal Rules of Civil Procedure. *See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283-84 (Fed. Cir. 2013) ("[T]o the extent that any conflict exists

---

[1] Charter and Time Warner have acknowledged that because the pertinent allegations as to them are identical to the allegations against Verizon in Civil Action No. 13-1426-LPS ("the *Verizon* case"), they simply have joined in the arguments made by Verizon in that matter. (Civil Action No. 13-1420-LPS, D.I. 10, 14; Civil Action No. 13-1425-LPS, D.I. 7, 9) As a result, Plaintiff's Answering Briefs in all three cases are nearly identical. For these reasons, unless otherwise noted, citations in this Report and Recommendation will be to the docket in the *Verizon* case.

between *Twombly* (and its progeny) and the Forms regarding pleadings requirements, the Forms control."); *Clouding IP, LLC v. Amazon.com, Inc.*, C.A. Nos. 12-641-LPS, 12-642-LPS, 12-675-LPS, 2013 WL 2293452, at *2 (D. Del. May 24, 2013).[2] Form 18 provides the following exemplary language relating to the required allegation of a plaintiff's patent ownership (and the type of invention that patent relates to), as well as to the required allegation of infringement by defendant's product:

> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

Fed. R. Civ. P., App. of Forms, Form 18. Thus, as a general matter, "Form 18 does not require [plaintiff] to specify 'what functionality infringed, or any facts that show how [defendant] performs even one step of a claimed method.'" *Clouding IP*, 2013 WL 2293452, at *2 (citation omitted). And with regard to identification of accused products, "Form 18 requires only identification of a general category of products, for example 'electric[] motors.'" *Id.* In the end, the touchstones of the analysis under Form 18 are notice and facial plausibility, and while "these requirements serve as a bar against frivolous pleading, it is not an extraordinarily high one." *K-*

---

[2] While review of the sufficiency of a pleading pursuant to Rule 12(b)(6) is analyzed under regional circuit law, the Federal Circuit has explained that its prior decisions "regarding the requirements of Form 18 and its relationship to the pleading standards set forth in *Twombly* and *Iqbal* [were] dictated by Supreme Court precedent" and that it would thus interpret those requirements in the same manner, no matter what Circuit a case originated from. *K-Tech Telecomms.*, 714 F.3d at 1284 n.1.

*Tech Telecomms.*, 714 F.3d at 1286.

## III. DISCUSSION

It is Plaintiff's allegations of direct infringement—specifically its allegations as to the accused products and services, and their relationship to the patented technology—that are at issue in the instant motions.[3] The FACs state, *inter alia*, that the invention of the '275 patent "generally relates to customizing and distributing presentations for user sites over networks for utilization on demand; the presentations including audio, video, or textual elements" and that "[e]xamples of networks include a cable television network[.]" (D.I. 6 at ¶ 7) The FACs go on to allege:

> 11. Verizon has infringed the '275 patent by using a method and system of customizing and distributing presentations for user sites that directly infringes at least Claim 1 of the '275 patent either literally or under the doctrine of equivalents. *Verizon's infringement includes, but is not limited to, its provision of DVR devices and DVR service to its FiOS television customers.*

(*Id.* at ¶ 11 (emphasis added))[4] Defendants assert that Claim 1 of the patent-in-suit relates to "customizing and distributing presentations for user sites[,]" and not to "DVR technology, which allows television viewers to watch and record television programming." (D.I. 8 at 4 (internal

---

[3] In total, Form 18 requires "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *K-Tech Telecomms.*, 714 F.3d at 1283. Defendants do not argue that Plaintiff's allegation of jurisdiction, patent ownership, or notice is deficient, or that Plaintiff has not made a demand for injunctive relief or damages.

[4] The relevant paragraph in the respective complaints against Charter and Time Warner is identical, except that the name of the Defendant is changed and the reference above to "FiOS television customers" is replaced by a reference to "cable television customers." (Civil Action No. 13-1420-LPS, D.I. 7 at ¶ 11; Civil Action No. 13-1425-LPS, D.I. 6 at ¶ 11)

quotation marks and citation omitted)) Thus, they urge, the facts pled in the FACs do not "allow for an inference that the asserted patent somehow covers the 'DVR devices and DVR service' accused." (*Id.*) Defendants acknowledge that Form 18's requirements are minimal, but nevertheless argue that "[t]he Form would not be met, and the pleading standards of the Federal Rules would not be satisfied, if a plaintiff stated that its patent covered an electric motor and that the defendant infringed because he sells cakes." (*Id.* at 3) They assert that this is a similar situation.[5]

Plaintiff has accused a general category of products and services (here, "DVR devices and DVR service" provided to cable television customers) of infringement. No more specificity as to the accused products or service is required by Form 18. *Clouding IP*, 2013 WL 2293452, at *2 (plaintiff satisfied Form 18 when it "identified at least one accused product or product category for each count"); *see also Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 935 F. Supp. 2d 772, 775-76 (D. Del. 2013).

As to the relationship between those accused products and the patented method at issue, so long as there is a plausible basis to believe that the nature of what the patent covers might be infringed by the accused products, Form 18 requires only a basic description of that invention (i.e., "an invention in an *electric motor*"). *See also Clouding IP*, 2013 WL 2293452, at *2. Here, had Plaintiff alleged that Defendants infringed because they sold cakes, that would be a different

---

[5] By way of further example, Defendants note that a step of the method in Claim 1 requires "broadcasting a single universal presentation media object . . ." but that "DVR devices do not broadcast content; they receive it" and that there is "no construction of the term 'broadcasting' that would capture the function of a DVR." (D.I. 8 at 4-5) They also argue that "DVR services record digital video [and are used] to record television shows or rewind live TV" but that Plaintiff does not allege facts "suggesting how the DVRs or the services associated with them could result in the broadcasting of customized presentations." (*Id.* at 5)

5

situation. But in light of the circumstances of this case, Plaintiff's allegations, even though admittedly sparse, are within the realm of the plausible and the contours of Form 18. The patented techniques referenced in the patent-in-suit (which is attached as an exhibit to the FAC), are asserted to involve, *inter alia*, "customized presentations [that can] be delivered directly to remotely located user sites equipped with devices such as cable television receivers or personal computers" and that are transmitted over networks such as a cable television network. ('275 patent, col. 1:63-2:6) In light of that, the Court cannot say that it is implausible, for example, that Defendants' DVR devices and services work in conjunction with their cable television services, (D.I. 11 at 3; D.I. 12 at 4), to perform the steps of the method in Claim 1 (relating to "customizing and distributing presentations for user sites"). *See St. Clair Intellectual Prop. Consultants, Inc. v. Apple, Inc.*, C.A. No. 10-00982-LPS, 2011 WL 4571812, at *3 (D. Del. Sept. 30, 2011) (denying motion to dismiss on grounds that the complaint failed to allege that a defendant made, used or sold a device "embodying the patent" where the complaint simply alleged that defendant had infringed the patent by "selling or offering for sale . . . products embodying the patented inventions claimed in the . . . [p]atent" and further noting that the complaint "is not required to address how the infringing products use the patented technology") (internal quotation marks and citations omitted).[6] The type of further detail Defendants seek,

---

[6] In *St. Clair*, moving defendants had asserted (similar to Defendants' assertions here) that plaintiff's complaint did not sufficiently describe *how* the accused products (smartphones and tablets) embodied claimed inventions in the asserted patents (relating to various computer technologies). *St. Clair Intellectual Prop. Consultants, Inc. v. Apple, Inc.*, Civil Action No. 10-982-LPS, D.I. 19 at 2-4 (D. Del. Mar. 7, 2011); *see also Cronos Techs., LLC v. Vitamin Shoppe, Inc.*, C.A. No. 12-444-LPS, 2013 WL 1294423, at *1 (D. Del. Mar. 29, 2013) (denying defendant's motion to dismiss direct infringement claim, after defendant had asserted that complaint did not sufficiently identify how its accused website embodied the invention claimed in the patent-in-suit, and noting that to the extent that the motion was not mooted by the

(D.I. 12 at 4), as to how components of Defendants' DVRs, in combination with their television services, are asserted to "satisfy [certain claim] elements[,]", is of the kind more appropriately elaborated upon when preliminary infringement contentions are provided.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Defendants' motions each be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: February 10, 2014

                                                    Christopher J. Burke
                                                   UNITED STATES MAGISTRATE JUDGE

---

subsequent filing of an amended complaint, the amended complaint "satisfies the requirements of Form 18, which is all that is necessary"); *id.*, Civil Action No. 12-444-LPS, D.I. 12 at 6 (D. Del. July 27, 2012).